**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| DEVICE SECURITY LLC, | : | |
| | : | |
| Plaintiffs, | : | C.A. No. |
| v. | : | |
| | : | |
| ASURION, LLC, | : | **DEMAND FOR JURY TRIAL** |
| | : | |
| Defendants. | : | |
| | x | |

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

Plaintiff Device Security LLC with a principal place of business at 500 West Cypress Creek Road, Suite 770, Fort Lauderdale, FL 33309 ("DEVSEC"), alleges the following for its complaint against defendant Asurion, LLC ("Asurion"), a company with offices at 648 Grassmere Park, Nashville, TN 37211 and incorporated in the state of Delaware:

## NATURE OF THE SUIT

1.      This is a civil action for infringement of United States Patent No. 8,180,858. This action arises under the laws of the United States related to patents, including 35 U.S.C. § 281.

## PARTIES

2.      DEVSEC is a corporation organized and existing under the laws of Florida, having its principal place of business at 500 West Cypress Creek Road, Suite 770, Fort Lauderdale, FL 33309.

3.      Upon information and belief, defendant Asurion is incorporated in the State of Delaware, with a principal place of business at 648 Grassmere Park, Nashville, TN 37211.

## JURISDICTION AND VENUE

4.      Subject matter jurisdiction is conferred upon this Court under 28 U.S.C. § 1331 and 1338(a) because this action is for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*.

5.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

6.      Upon information and belief, Asurion is subject to this Court's specific and general personal jurisdiction due at least to its incorporation in this state, regularly doing or soliciting business in this judicial district and committing at least a portion of the infringements alleged herein in this judicial district.

## BACKGROUND

7.      This complaint is a substitute complaint to correct for the misidentification of plaintiff.

8.      United States Patent No. 6,813,487 ("the '487 Patent"), entitled "Method and Apparatus for Securing Data Stored in a Remote Electronic Device," was duly and lawfully issued on November 2, 2004, based upon an application filed by the inventor, David Alan Trommelen.  A copy of the '487 Patent is attached as Exhibit A.

9.      The owner of the '487 Patent, by assignment, is DEVSEC, who has the right to sue and recover damages for infringement thereof.

10.      On June 7, 2013, DEVSEC mailed a letter that provided knowlege of the '487 Patent, along with a claim chart that detailed the applicability of the '487 Patent, to Asurion.

11.      On or about June 7, 2013, Asurion had actual knowledge of the '487 Patent and that its activities infringe the '487 Patent.

# CLAIM FOR RELIEF
## Patent Infringement Of United States Patent No. 6,813,487

12.     All of the foregoing allegations are restated and incorporated by reference as though fully set forth herein.

13.     Asurion is engaged in the design, manufacture, marketing and/or sale of protection applications and protection plans for mobile devices, such as cell phones and tablets, in the United States generally and in the District of Delaware.

14.     Asurion provides its protection applications and protection plans to customers that have purchased equipment and/or services through a variety of retailers and network providers.

15.     Specifically, Asurion is the creator and operator of an application called Mobile Recovery, which protects data in a remote electronic device serviced by a network provider and used by a subscriber of the network provider wherein the at least one data recovery signal disables normal operation of the remote electronic device and deletes, downloads or places in safe mode at least one file stored in the remote electronic device.

16.     In addition to Asurion's Mobile Recovery Application, Asurion also offers its services through Applications designed specifically for network providers.

17.     Upon information and belief, Asurion is in violation of 35 U.S.C. § 271(a) and has been and continues to directly infringe at least claim 1 of the '487 Patent literally or under the doctrine of equivalents by designing and operating its Mobile Recovery Application (or an application designed specifically for network providers as detailed above), which includes the ability to disable normal operation of the remote electronic device and deletes, downloads or places in safe mode at least one file stored in the remote electronic device.

18.     Upon information and belief, Asurion is in violation of 35 U.S.C. § 271(b) and has been and continues to induce end users and/or network providers to infringe at least claim 1 of the '487 Patent by designing and operating its Mobile Recovery Application (or an application designed specifically for network providers as detailed above), which includes the ability to disable normal operation of the remote electronic device and deletes, downloads or places in safe mode at least one file stored in the remote electronic device.

19.     DEVSEC has been damaged by the infringement of Asurion and is suffering and will continue to suffer irreparable harm and damage as a result of this infringement unless such infringement is enjoined by this Court.

20.     Asurion had actual knowledge of the '487 Patent since on or about June 7, 2013 and its acts of infringement since at least the time of actual knowledge are willful and deliberate. This action, therefore, is "exceptional" within the meaning of 35 U.S.C. § 285.

21.     DEVSEC has no adequate remedy at law.

**REQUESTED RELIEF**

WHEREFORE, DEVSEC demands judgment as follows:

A.     An order adjudging Asurion to have infringed the '858 Patent;

B.     A permanent injunction enjoining Asurion with its respective officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them who receive actual notice of the order by personal service or otherwise, from infringing the '858 Patent;

C.     An award of damages adequate to compensate DEVSEC for the infringement by Asurion along with pre-judgment and post-judgment interest, but in no event less than a reasonable royalty, such damages to be trebled pursuant to the provision of 35 U.S.C. § 284;

D.      An award of DEVSEC's reasonable attorney fees and expenses pursuant to the provisions of 35 U.S.C. § 285;

E.      An award of DEVSEC's costs; and

F.      Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), DEVSEC hereby demand a jury trial on all issues so triable raised in this action.


August 23, 2013                                    BAYARD, P.A.

OF COUNSEL:                                         /s/ Stephen B. Brauerman
                                                    Richard D. Kirk (rk0922)
Stephen F. Roth                                     Stephen B. Brauerman (sb4952)
Aaron S. Eckenthal                                  Vanessa R. Tiradentes (vt5398)
LERNER, DAVID, LITTENBERG,                          222 Delaware Avenue, Suite 900
KRUMHOLZ & MENTLIK, LLP                             P.O. Box 25130
600 South Avenue West                               Wilmington, DE 19899
Westfield, NJ 07090-1497                            (302) 655-5000
(908) 654-5000                                      rkirk@bayardlaw.com
sroth@ldlkm.com                                     sbrauerman@bayardlaw.com
aeckenthal@ldlkm.com                                vtiradentes@bayardlaw.com

                                                    *Attorneys for Plaintiff Security Technology
                                                    LLC*